UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| RYAN PROFFER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:21 CV 585 RWS |
| | ) | |
| TRAVELERS INDEMNITY COMPANY, | ) ) | |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM AND ORDER**

Plaintiff Ryan Proffer ("Proffer") moves to remand this case on the basis that the amount in controversy requirement is not met pursuant to 28 U.S.C. § 1332(a). Defendant Travelers Indemnity Company ("Travelers") opposes remand.

In his original state court petition, Proffer explained that he submitted a claim to Travelers prior to filing suit and was paid $50,000 under the applicable policy. He alleged that Travelers "remains liable…under the Policy for the amount, at a minimum, of Fifty Thousand Dollars ($50,000)." However, the petition contained two counts for breach of contract. In each count, Proffer prayed for damages "as are fair and reasonable under the circumstances, in excess of Fifty Thousand Dollars ($50,000.00)." As a result, when Travelers removed the case to this Court, it concluded that Proffer had alleged an amount in controversy of at least $100,000.

On June 3, 2021, Proffer's counsel filed a stipulation that stated:

1

Proffer's remaining damages, when considering Proffer's total claim for insurance proceeds but also accounting for appropriate credit for the amount paid by Travelers prior to litigation, in combination with any damages for any potential claim or derivative claim, whether sustained by Proffer or any other person or entity, arising out of the incident on or about May 17, 2017, do not and will not exceed $75,000.

On June 15, 2021, Travelers filed a memorandum in opposition to Proffer's motion to remand. Travelers argues that the stipulation does not establish, to a legal certainty, that Proffer's claim could not exceed $75,000 and in fact, "specifically indicates that [Proffer] will seek more than the jurisdictional limit, but that he might end up being awarded less than $75,000 once all 'accounting for appropriate credit' is completed." Additionally, Travelers maintains that the policy limit is $50,000 but because Proffer's complaint and stipulation "make clear that he believes the policy provides a maximum of $100,000 in coverage," that is the actual amount at issue in this suit. Finally, Travelers argues that the fact it previously made a $50,000 payment to Proffer under the policy and might therefore be entitled to a credit or setoff for the prior payment if judgment were entered in Proffer's favor has no bearing on whether diversity jurisdiction exists.

Federal courts are courts of limited jurisdiction and "the requirement that jurisdiction be established as a threshold matter springs from the nature and limits of the judicial power of the United States and is inflexible and without exception." Godfrey v. Pulitzer Pub. Co., 161 F.3d 1137, 1141 (8th Cir. 1998). A civil case brought in state court may be removed by a defendant to federal court if it could

have been brought there originally. See 28 U.S.C. § 1441(a). Federal district courts have original diversity jurisdiction over all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states. 28 U.S.C. § 1332(a). The party seeking removal and opposing remand bears the burden of establishing that federal subject matter jurisdiction exists. In re Business Men's Assurance Co. of America, 992 F.2d 181, 183 (8th Cir. 1993). All doubts about federal jurisdiction must be resolved in favor of remand. Id. The party seeking removal must prove, by a preponderance of the evidence, that a fact finder could legally conclude, from the pleadings and proof adduced to the court before trial, that the damages the plaintiff suffered are greater than $75,000. Kopp v. Kopp, 280 F.3d 883, 885 (8th Cir. 2002). When evaluating whether the amount in controversy requirement is met, I must look to the amount in controversy at the time of removal. Hatridge v. Aetna Ca. & Sur. Co., 415 F.2d 809, 814 (8th Cir. 1969). "A subsequent change, such as the plaintiff's post-removal voluntary reduction of his claim…does not defeat federal jurisdiction acquired through removal." Id.

The amount in controversy in this case is not clear from the face of the state court petition. Although Proffer's counsel filed the previously discussed stipulation, I am not convinced that it provides a sufficient basis to conclude that the jurisdictional amount in controversy does not exceed $75,000. In light of Proffer's

prayer for relief in state court, and to assure Travelers that Proffer would not seek or accept more than $75,000, Proffer may submit an affidavit declaring that he would not **seek or accept** damages in excess of $75,000. This procedure has been followed in other cases in this Court where the petition itself is unclear about the actual amount in controversy. If Proffer files such an affidavit, I will remand this case to state court.

Accordingly,

**IT IS HEREBY ORDERED that** Plaintiff Ryan Proffer shall have until **July 2, 2021** to file an affidavit as described above or to file a declaration that he does not intend to limit his recovery to less than $75,000.

RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 21st day of June, 2021.